N. FRANKHOUSER, *as Receiver, etc.,* v. ORREN WORRALL.

1. CHATTEL MORTGAGE — *Partnership* — *Replevin* — *Receiver.* A mortgagee of personal property belonging to a partnership, having a mortgage valid only as to the interest of one of the partners, cannot maintain replevin against a receiver in charge of the partnership property under appointment from a court of competent jurisdiction.

2. ———— *When Void.* An unrecorded chattel mortgage is void as against a *bona fide* purchaser, without notice, of an interest in the mortgaged property.

*Error from Osage District Court.*

REPLEVIN by *Worrall* against *Frankhouser,* as receiver. Trial at the April term, 1889, a jury being waived, before Hon. ELLIS LEWIS, judge *pro tem.* Plaintiff had judgment. Defendant comes to this court. The facts sufficiently appear in the opinion.

*Robt. C. Heizer,* for plaintiff in error:

The plaintiff in error, as receiver in the action between W. E. Bailey and J. S. Evans, was, under the findings of fact

in the case, entitled to the possession of the property in controversy as against either W. E. Bailey or J. S. Evans. The defendant in error, under the findings of fact in this case, could, as against W. E. Bailey, only succeed to the right of J. S. Evans in the property, and by virtue of his chattel mortgage become a tenant in common in the property with W. E. Bailey; and it is a well-established rule of law, that one tenant in common cannot replevy property from another or from one who holds possession under such another tenant in common. *Blaker v. Sands,* 29 Kas. 551; *Brown v. Manning,* 29 id. 602; *Reece v. Hoyt,* 4 Port. (Ind.) 169; *Ladd v. Billings,* 15 Mass. 15; *Lawrence v. Bumhan,* 4 Nev. 361.

*Henry B. Hughbanks,* for defendant in error:

When a mortgagee has a right to take possession and sell upon default, a court of equity cannot restrain him by injunction. The mortgagee under such a clause in a mortgage has a right to assert his possession, and a court of equity will not interfere. Jones, Ch. Mort., 3d ed., § 438; *Ford v. Ransom,* 8 Abb. Pr. 416.

The appointment of a receiver of mortgaged chattels held by the mortgagee (or mortgagor) in possession will only be made in cases of pressing and apparent necessity, in order to secure the rights of the mortgagor (or mortgagee) or others claiming under him. To make the appointment in any other case is to impair the obligations of contracts between the parties to the mortgage, and is therefore beyond the constitutional power of both court and legislature. Jones, Ch. Mort., § 439; *Patten v. Accessary Transit Co.,* 4 Abb. Pr. 135; *Raper v. Paper Co.,* 64 Ala. 330.

A mortgagor in possession may maintain trover or trespass against a third person who takes the property from him. And if a mortgagor can do this, why not a mortgagee who has the right of possession? Jones, Ch. Mort., § 440; *Tallman v. Jones,* 13 Kas. 438; *Buddington v. Mosbrook,* 17 Mo. App. 577.

The appointment of a receiver does not divest the lien of a

prior mortgagee, but is made subject to his rights. Neither does a sale of the property by a receiver appointed in a suit between partners for a settlement of the partnership business affect a paramount mortgage lien of a stranger to the record. Jones, Ch. Mort., §§ 439, 447, Larch v. Aultman, 75 Ind. 162. See, also, Blaker v. Sands, 29 Kas. 551; Moses v. Walker, 2 Hilt. (N. Y.) 536; Pratt v. Harlow, 16 Gray, 379; Corbin v. Kincaid, 33 Kas. 649.

The opinion of the court was delivered by

ALLEN, J.: The court in this case made special findings of fact and conclusions of law, as follows:

"FINDINGS OF FACT AND LAW.

"1. Prior to April 4, 1884, the plaintiff, Worrall, was the owner of and in possession of the property described in the petition.

"2. At that time Orren Worrall sold and delivered said property to James S. Evans, and, to secure the payment of a part of the consideration and purchase money — $900 — for said property, a chattel mortgage on said property was at the time executed and delivered by said Evans to Worrall.

"3. Said chattel mortgage was filed for record in register of deeds' office of Osage county February 24, 1885.

"4. On January 30, 1885, W. E. Bailey, by his agent, H. J. Bailey, in good faith purchased an undivided one-half interest in said property, paying for the same a valuable consideration, for the purpose of forming a copartnership with said James S. Evans, in carrying on the livery business in Osage City, Osage county, Kansas, and on March 15, 1885, said parties entered into the transaction of said partnership business.

"5. W. E. Bailey, by his agent, H. J. Bailey, afterward, on December 29, 1886, filed a petition in the district court of Osage county, Kansas, against said James S. Evans, his partner, and in said action N. Frankhouser, the defendant, was appointed by the court receiver in said action.

"6. Some time afterward, said Frankhouser, defendant, as such receiver, took into his possession said property, and held the same, and had the same in his possession, as such receiver, on January 13, 1888, when this suit was brought.

"7. There was at the commencement of this suit due from said James S. Evans, on the debt secured by the chattel mort-

gage heretofore mentioned in finding No. 2, the sum of $329, and interest from August 1, 1887, at 10 per cent. per annum, and the said plaintiff was at the commencement of this suit the *bona fide* holder and owner of said mortgage and claim secured thereby from said Evans.

"8. Said plaintiff, before the commencement of this suit, demanded the possession of said property from the said Frankhouser, defendant, under said mortgage, and defendant refused to deliver the same, whereupon he commenced this action for the possession of said property."

"CONCLUSIONS OF LAW.

"1. The said W. E. Bailey was the owner of said undivided one-half interest as aforesaid in said property in good faith, and without notice of the rights of said Worrall.

"2. As against the said James S. Evans, the lien of said chattel mortgage was a valid and subsisting lien against the interest of said James S. Evans in said partnership property, and plaintiff was entitled at the commencement of this suit to the possession of said property. Judgment is therefore given that he have judgment for possession of said property, and costs."

Do the findings of fact support the conclusions of law? It appears that Bailey bought an undivided half interest in the mortgaged property before the mortgage was recorded. The mortgage as to him would therefore be inoperative. This left Worrall with a mortgage on the half interest belonging to Evans at the time Frankhouser was appointed receiver. Bailey had a clear half interest, the other half interest belonging to Evans, subject to Worrall's mortgage. By the appointment of Frankhouser as receiver, he obtained all the rights to the possession of the property that both of the parties to the action in which the appointment was made had. Neither Evans nor Worrall had any superior right to the possession of the property over Bailey at the time the receiver was appointed, and neither could maintain replevin against him for it. Neither can they maintain replevin against Frankhouser, the receiver. The rule that one partner cannot replevy partnership property from his copartner is elementary, and needs no citation of authorities to sustain it. The plaintiff below was not without

remedy under his mortgage. On the proper application to the district court, by which the receiver was appointed, his rights against Evans could and doubtless would have been fully protected, and the receiver could have been directed to apply the proceeds of Evans's interest in the property to the satisfaction of his mortgage.

The judgment of the district court will be reversed, with an order to render judgment in favor of the defendant below for costs.

All the Justices concurring.